UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BARBARA PASIUD,

        Plaintiff,                    CIVIL ACTION NO. 08-10330

        v.                           DISTRICT JUDGE MARIANNE O. BATTANI

GMAC CANADA, HUMBERVIEW      MAGISTRATE JUDGE VIRGINIA MORGAN
MOTORS, INC., LAUREN DU VAL
DONOFRIO, CRAIG S. SCHOENHERR,
SR., and O'REILLY RANCILIO, P. C.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION
## TO GRANT MOTION TO DISMISS

        Following a default judgment against her in state court, plaintiff Pasiud sues *pro se* the plaintiff there–GMAC Canada–and the lawyers who represented it. She claims civil violations of the RICO statute, illegal debt collection, violations of the UCC. She seeks injunctive relief and money damages. This matter is before the court on the motion of defendant GMAC Canada, and defendant attorneys Lauren DuVal Donofrio, Craig Schoenherr, Sr. and O'Reilly Rancilio PC to dismiss. Plaintiff did not file a written response. The matter has been referred to the undersigned. Despite plaintiff's lack of response, she was accorded oral argument on April 7, 2008. For the reasons discussed in this Report, it is recommended that the motion be granted and the case be dismissed with prejudice.

*Background*

GMAC Canada sued Ms. Pasiud in Wayne County Circuit Court. GMAC Canada sued to enforce a 2004 contract for the purchase of a used BMW automobile at the Humberview Dealership in Toronto, Canada. The copy of the contract appears to bear the signature of Ms. Pasiud. It recites that she entered into the pre-authorized payment plan by signing the form, although the bank, branch, and account number lines are blank. She denies signing the contract at all and not knowing anything about the contract until 2006. The amount of the contract was approximately $42,000. Her stated address on the contract was Windsor Canada. (Def. Motion, Ex. A) Pasiud now lives in Livonia.

In any event, payments were not made and the contract went into default. On September 8, 2006, GMAC Canada filed a lawsuit in Wayne County seeking return of the vehicle and damages for breach of contract. Judge Wendy Baxter was assigned the case (Case 06-625625-PD). During the pendency of the action, Pasiud proceeded *pro se* for some time. She filed with the court a series of documents which made little sense but the gist of which denied the debt and her presence at that dealership, denied that she had signed the contract, or that she had taken possession of the car. Similar to her allegations here, she claimed she was a "sovereign entity," prayed for dismissal with prejudice for misjoinder, and stated that she was "a living soul, in Sui Juris, Pro per. . a title sovereign, a natural being upon the land, . . ." and operated in her "Unlimited liability status and as an indigenous and Sovereign Washetaw Moor. . ." (Ex. D) She filed *pro se* a cross-complaint against Craig Schoenherr, attorney for GMAC Canada, for violation of the consumer protection act and bad behavior. (Ex. F) Judge Baxter struck this

pleading. (Ex. G) She obtained a lawyer, Che Ali Karega (P31387) who entered an appearance on her behalf in October, 2007.[1] (Ex. E) Despite having counsel, plaintiff failed to comply with discovery orders of the court. In November, 2007, at a proceeding attended by Pasiud and her counsel, Judge Baxter entered a default judgment in favor of GMAC Canada as a sanction for her non-compliance and denied Pasiud's motion for summary disposition. The car was never surrendered by Pasiud as she denied ever having possession of it. She did not appeal.

After that judgment was entered, she brought this federal court action against GMAC Canada, the dealership which sold the car[2], and the lawyers and law firm that represented GMAC Canada in state court. GMAC Canada, the lawyers and law firm now seek dismissal. None of the defendants were properly served and the complaint could be dismissed without prejudice on that ground alone.

However, in addition to improper service, the complaint should be dismissed for failure to state a claim and as barred by *res judicata*.

*Failure to State a Claim; Standard of Review*

Pasiud seeks to relitigate the decision of the state trial judge. Her pleadings are gibberish. Fed. R. Civ. Pro. 12(b)(1) provides, in part, for dismissal for lack of subject matter jurisdiction where a claim is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A

---

[1] She now claims that he was a co-conspirator and a double agent, working with GMAC Canada. He is not a defendant here.

[2] It does not appear that the dealership has been served. No appearance is entered on its behalf. The summons has expired and the entity is not before the court.

motion to dismiss under Rule 12(b)(6) "tests whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. *Kottmyer*, 436 F.3d at 688.

In the traditional view, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Kottmyer,</u> 436 F.3d at 688, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Supreme Court revised the "no set of facts" portion of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). *Twombly* held that the "famous" no-set-of-facts formulation "has earned its retirement," and instead dismissed the plaintiff's antitrust-conspiracy complaint because it did not contain facts sufficient to "state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. This standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ*., 76 F.3d 716, 726 (6th Cir.1996). As described in *Twombly:*

> [A] plaintiff's obligation to provide the 'grounds' of his
> 'entitle[ment] to relief' requires more than labels and conclusions,
> and a formulaic recitation of a cause of action's elements will not
> do. Factual allegations must be enough to raise a right to relief
> above the speculative level on the assumption that all the

complaint's allegations are true. [*Twombly*, 127 S.Ct. at 1964-65 (citing Fed.R.Civ.P. 8(a)).]

Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard,* 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995).

The court recommends dismissal as Pasiud has failed to allege facts or law showing that the court has subject matter jurisdiction. She alleges mail fraud and money laundering (criminal matters not properly brought by her), unjust enrichment, "violations of debts," claims that the contract was improperly notarized, that defendants are not holders in due course, that she never received a response to her "validation request" and other violations of unidentified federal statutes. The complaint is replete with legalize but read as a whole it fails to meet the standard of Fed.R.Civ. Pro. Rule 8 for a short, plain statement of the claim. Further, there are no facts alleged giving rise to any other federal claims, and no facts alleged showing that the matter would fall within the court's diversity jurisdiction. Pasiud mentions civil RICO claims and violations of Fair Debt Collection Practices Act but none of her allegations support these, and if they did, they would be barred by *res judicata*.

The allegations of the complaint also demonstrate that plaintiff is, in effect, seeking to challenge the judgment and orders of the state court. If so, plaintiff's action is barred under the Rooker-Feldman Doctrine, which holds that inferior federal courts lack subject matter jurisdiction to review the final judgments of state courts. *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 755 (6th Cir. 2003). The Rooker-Feldman Doctrine denies federal jurisdiction to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In this case, plaintiff's alleged injury either arises directly from the state court's judgment or is inextricably intertwined therewith. *See Carter v. Burns,* 2008 WL 749534*,* __F.3d__ (6th Cir. 3/18/08)*; Howard v. Whitbeck*, 382 F.3d 633, 639 (6th Cir. 2004). Accordingly, the federal court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine.

*The Claims Against GMAC Canada are barred by Res Judicata*

In addition, the issues raised in plaintiff's complaint as to GMAC Canada either were, or could have been, litigated in the state court proceedings. Accordingly, the claims are barred under the doctrine of *res judicata*, which provides "that a judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)(quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). The Michigan Supreme Court takes a broad approach to the doctrine, holding that it

bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence could have raised but did not. *Dart v. Dart*, 460 Mich. 573, 586 (1999). In order for the doctrine to apply, four elements must be present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." Kane, 71 F.3d at 560. Based on the record, it appears that all four of these requirements are met in this action.

First, there is a final decision on the merits by a court of competent jurisdiction, to wit: the Wayne County Circuit Court. In *City of Detroit v. Nortown Theatre, Inc.*, 116 Mich.App. 386, 392, 323 N.W.2d 411, 413-14 (Mich.Ct.App.1982) the court held that the doctrine of *res judicata* applied when the previous decision was a summary disposition, because "[a] judgment is considered to be a determination on the merits ... even if the action was resolved by a summary or default judgment." Second, this is a subsequent action between the parties or their privies. Three, an issue in the subsequent action was litigated or should have been litigated in the prior action. The state court considered her claims for fraud and could have considered all the additional civil claims she attempts to allege now. The court gave her opportunity for discovery and to obtain counsel. She obtained counsel but failed to cooperate in discovery. Unconvinced of her position, the court granted judgment against her. She did not appeal. She cannot now collaterally attack the state court judgment by filing a complaint in this court. Fourth, there is identity of the causes of action. Plaintiff seeks to litigate the same issues of fact and law related

to whether she signed the contract, whether there were violations of the Fair Debt Collections Act, and other circumstances. Her requested relief is that the contract be declared null and void, and that defendants' claims regarding her debt be dismissed.[3] These are the same issues which were before the state court. *Res judicata* should apply.

*The Attorneys Are Not Entitled to Absolute Immunity*

The attorneys argue that they have absolute immunity for any statements or communications made before or during the pendency of the litigation and that plaintiff's claims against them in their individual capacities should be dismissed. This statement is overly broad and not correct. Defendants confuse a privilege to make statements with a general immunity from suit. They rely on cases, such as *Osterle v. Wallace* 272 Mich. App. 260 (2006), that discussed state law privileges to make statements, in the context of judicial proceedings, which may otherwise be defamatory. Defendants also fail to differentiate between federal immunity and state immunity. Several cases in this circuit have recently held that attorneys who are involved in debt collection are not entitled to absolute immunity, even from statements that they made as "participants in the judicial process." Defendants fail to cite these cases in their brief. See, *Delawder v. Platinum Financial Services*, 189 Fed. Appx. 369, 2006 WL 1749617 (6th Cir). Noting that in *Kelly v. Great Seneca Financial Corp* 447 F.3d 944, 949-51 (6th Cir. 2006), the court rejected defendants arguments for the existence of an absolute advocacy immunity that

---

[3]It also should be noted that the claims against GMAC Canada for unfair debt collection practices are frivolous. GMAC Canada is not a debt collector. GMAC is a creditor–a person who offered or extends credit creating a debt. 15 U.S.C. § 1692a(4).

would provide the basis for an interlocutory appeal, the court denied defendants claims again.[4] Other federal circuits have reached similar results. See, *Kimes v. Stone*, 84 F.3d 1121 (9th Cir 1996) (holding that there is no federal common-law immunity protecting private attorneys from liability). In *Wyatt v.Cole*, 504 U.S. 158 (1992), the Supreme Court relied on the common law in concluding that private actors are not entitled to the absolute immunity granted to some government officials such as prosecutors and judges. *Id.* at 164-165. See also, *Tower v. Glover*, 467 U.S. 914, 921 (1984)(under the common law a privately retained lawyer would not have enjoyed immunity for intentional misconduct). Absolute immunity is generally reserved for state actors and not private litigants. *Derfny v. Pontiac Osteopathic Hospital*, 106 Fed. Appx. 929, 937 (6th Cir. 2004). Although such immunity may occasionally be extended to those actors who function as the alter ego of the prosecutor or take ministerial actions intimately related to the judicial process, the test is a functional one and only as to damages, not injunctive relief. See, *Cottingham v. Policy Studies*, 2008 WL 768854 (M.D. TN 2008).

To the extent that plaintiff essentially alleges that GMAC Canada, its attorneys and the law firm somehow violated plaintiff's rights during the course of the state court proceedings, plaintiff would need to invoke 42 U.S.C. § 1983 as a basis for jurisdiction. However, plaintiff cannot proceed against the lawyers or the corporation under § 1983 because a "§ 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Otherwise, there are no facts related to statements by attorneys that were not addressed by the state court and would be barred in any event by *res judicata*.

---

[4]Failure to discuss these cases by defendants appears inexplicable.

*Defendants Have Not Shown that the Action Is Time Barred*

Defendants argue that the action against them is barred by the statute of limitations under 15 U.S.C. § 1692k(d) which provides a one year time period to bring the action from the date on which the violation occurs. Defendants do not discuss when the claim would have accrued. Although plaintiff does appear to be disputing the debt as early as June 20, 2006, it was not until September, 2006, that she was sued. She seems to allege actions both with respect to the debt itself and also as to the conduct of the debt collecting law firm and its employees. Defendants do not discuss when this latter cause of action would have accrued or if it would have been a separate accrual date. Pasiud did file a "cross complaint" in state court in October, 2006, timely raising issues of attorney conduct under that portion of the Federal Debt Collection Act. Thus, defendants argument –as evidenced by their own exhibit–is unavailing. (Ex. F) That cross complaint was stricken by the court January 12, 2007, and the default judgment entered November 27, 2007. This case was filed January 23, 2008. Defendants have not shown that the one-year statute has run.

*Conclusion*

It is recommended that the motion be granted on the grounds that the court lacks subject matter jurisdiction under the doctrines of Rooker-Feldman and *res judicata*, and the case be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: April 10, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on April 10, 2008.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan